BEER, Judge.
On November 13, 1970 Joseph Rogers Justin, Sr. died intestate at his residence in the Parish of Orleans. He was survived by his widow, Sarah Pierre Justin, appellant herein, and by appellees, his three major children of a previous marriage. There were no children of the marriage of decedent and Sarah Pierre Justin.
The three children filed a petition to be placed in possession of the succession of the decedent under Articles 3001 and 3002 of the Code of Civil Procedure and on January 31, 1974 the district court signed a judgment of possession recognizing Sarah Pierre Justin as surviving spouse in community and recognizing appellees as the children and the sole heirs of decedent. From this judgment, Sarah Pierre Justin appeals. We reverse.
Article 3002 provides in pertinent part:
“The allegations of the petition for possession shall be verified by the affidavit of at least one of the petitioners. There shall be filed in the record of the succession proceedings written evidence of the acceptance of the community of the surviving widow if she did not execute this affidavit.”
*360 The record contains no written evidence of Sarah Pierre Justin’s acceptance of the community.
The word “shall” as used in Article 3002, supra, is mandatory as defined by Article 5053 of the Code of Civil Procedure. The lack of written evidence of appellant’s acceptance of the community in the absence of her filing an affidavit verifying the petition for possession is fatal to the judgment rendered in these proceedings. The comments of the redactors spe7 cifically provides: “This article requires some evidence of the acceptance of the community by the surviving widow in those instances where she did not execute any verifying affidavit to the petition for possession.”
By written stipulation of attorneys for both parties, four letters written by Sarah Justin’s attorney relating to settlement of the estate were filed into the record. Upon review of these letters, we conclude they have no probative effect on the issue before us and do not provide any basis upon which to avoid the application of the clear language of Article 3002.
The judgment is annulled and set aside. Costs of this appeal to be paid by appel-lees.

Annulled and set aside.